UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAMES AMETEPE, on behalf of himself, individually, and on behalf of all others similarly-situated, | **COMPLAINT** |
| Plaintiff, | **Docket No.:** |
| -against- | |
| PEAK TIME PARKING, CORP., and FIH ENTERPRISE INC., and SAM DAR ENTERPRISES INC., and ZAFAR MAJEED, individually, and FAYYAZ KHAN, individually, and NAVEED ANJUM, individually, and MUSTAFA ALI KHANDWALLA, individually, | Jury Trial Demanded |
| Defendants. | |

---

JAMES AMETEPE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PEAK TIME PARKING, CORP. ("Peak Time"), and FIH ENTERPRISE INC. ("FIH"), and SAM DAR ENTERPRISES INC. ("Sam Dar" and collectively with Peak Time and FIH, where appropriate, as "the Garage"), and ZAFAR MAJEED, individually, and FAYYAZ KHAN, individually, and NAVEED ANJUM, individually, and MUSTAFA ALI KHANDWALLA, individually, (all, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.  This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the

1

New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - three corporations that operate along with an undetermined, but significant number, of other corporations as a single entity in the business of operating parking garages in the City of New York, as well as three of the Garage's owners/supervisors, and one general manager, whom all served as Plaintiff's direct supervisors - - as a parking attendant at Defendants' two garages in the Bronx from November 2011 through November 2016. As described below, throughout the entirety of his employment, but as is relevant herein, from six years pre-dating the commencement of this action through the end of his employment ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically during the Relevant Period, Defendants required Plaintiff to routinely work more than forty hours per workweek, but intentionally failed to compensate him at the statutorily-required overtime rate for each hour that he worked per week in excess of forty. Instead, Defendants paid Plaintiff a flat weekly sum in cash intended to cover only the first forty hours that Plaintiff worked each week.

3.      Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday or with an accurate wage notice at the time of his hire, both as the NYLL requires.

4.      Defendants paid and treated all of their non-managerial parking attendants in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9. At all relevant times herein, Defendant Garage was an enterprise consisting of at least three separate New York corporations (Peak Time, FIH, and Sam Dar) that operates as a single business enterprise engaged in the activity of operating parking garages, with centralized control of the business and labor operations located at 470 West 165th Street, New York, New York. The Garage employs common management to set employees' hours and pay, and there is common ownership and financial control with respect to business revenue and employee wages,

as well as the operation of the parking garages located at 1872 E. Tremont Street, Bronx, New York and 1475 Macombs Road, Bronx, New York.

10. At all relevant times herein, Defendant Majeed was and is the Chief Executive Officer of Peak Time, which has a principal place of business located at 470 West 165th Street, New York, New York, and jointly operates the garages located at 1872 E. Tremont Street and 1475 Macombs Road with Defendants Khan and Anjum.

11. At all relevant times herein, Defendant Khan was and is the Chief Executive Officer of FIH, which has a principal place of business located at 1475 Macombs Road, Bronx, New York, and jointly operates the garages located at 1872 E. Tremont Street and 1475 Macombs Road with Defendants Majeed and Anjum.

12. At all relevant times herein, Defendant Anjum was and is the Chief Executive Officer of Sam Dar, which has a principal place of business located at 2218 Jerome Avenue, Bronx, New York, and jointly operates the garages located at 1872 E. Tremont Street and 1475 Macombs Road with Defendants Majeed and Khan.

13. At all relevant times herein, Defendant Khandwalla was and is a manager employed by the Garage to supervise the day-to-day operations of the garages located at 1872 E. Tremont Street and 1475 Macombs Road.

14. At all relevant times, Defendants Majeed, Khan, and Anjum each owned part of the Garage, while Defendant Khandwalla worked for the Garage as Plaintiff's manager. In their respective capacities, Defendants Majeed, Khan, Anjum, and Khandwalla personally managed and oversaw the day-to-day operations of the Garage, and were ultimately responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked. Furthermore, Defendants Majeed, Khan, Anjum, and Khandwalla had the power to hire and fire and approve all

4

personnel decisions with respect to the Garage's employees, and Defendant Khandwalla did in fact fire Plaintiff, at the direction of Defendant Khan. Defendants Majeed, Khan and Anjum were all responsible for paying Defendants' employees of their multiple garages their weekly wages, including Plaintiff. Defendants Majeed, Khan, Anjum, and Khandwalla also directly supervised all of Defendants' employees by instructing them how to operate the garage and how to interact with customers on a daily basis, including Plaintiff.

15. At all time during the Relevant Period, all Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant Garage's qualifying annual business exceeded and exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA, as Defendants employed two or more employees, and operated a business that provides parking for automobiles arriving from other states that have traveled across state lines and/or accepted payments in cash that naturally moved across state lines and credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as parking attendants, or in a similar role, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

17. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

19. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

**BACKGROUND FACTS**

20. Defendants collectively own and operate parking garages in multiple locations throughout the City of New York, including 1872 E. Tremont Street, Bronx, New York 10458 and 1475 Macombs Road, Bronx, New York 10452, the two garages at which Plaintiff worked during his employment.

21. Defendants Majeed, Khan, Anjum, and Khandwalla collectively manage and operate each garage on a day-to-day basis on behalf of the Garage, and each garage employs the same policies with respect to employee pay and hours of work.

22. In or around November 2011, Defendants Majeed, Khan, and Anjum, on behalf of Defendant Garage, hired Plaintiff to work for Defendants as a parking attendant at the 1475

Macombs Road location. Plaintiff commenced his employment with Defendants in that role at that time. Defendants never provided Plaintiff with any documentation concerning his employment with the Garage.

23. As a parking attendant, as its name suggests, Plaintiff's primary duties consisted of parking automobiles, and cleaning the interior/exterior of the premises.

24. From the beginning of the Relevant Period through October 2013, Defendants required Plaintiff to work seven days per week, starting his workday at approximately 7:00 p.m. and ending at approximately 7:00 a.m., while rarely providing him with an uninterrupted break during each workday. Thus, by approximation, Defendants required Plaintiff to work, and Plaintiff did routinely work, eighty-four hours per week during that time.

25. From the beginning of the Relevant Period through October 2013, Defendants paid Plaintiff a flat weekly salary of $350.00, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $8.75 per hour.

26. From November 2013 through the end of this employment, Defendants required Plaintiff to work at the 1872 East Tremont location, where he continued to work seven days per week, but changed his work hours to 7:00 a.m. through 7:00 p.m., still without an uninterrupted break during each workday. Thus, by approximation, Defendants required Plaintiff to work, and Plaintiff did routinely work, eighty-four hours per week during this time.

27. From November 2013 through February 2016, Defendants paid Plaintiff a flat weekly salary of $400.00, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $10.00 per hour.

28. From March 2016 through the end of his employment/the Relevant Period in November 2016, Defendants paid Plaintiff a flat weekly salary of $450.00, which was intended to

7

cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $11.25 per hour.

29. By way of example only, during the week of October 24 through October 30, 2016, Defendants required Plaintiff to work, and Plaintiff did work, seven days, from 7:00 a.m. until 7:00 p.m., for a total of eighty-four hours that week. During that week, Defendants failed to pay Plaintiff at any rate for the hours that he worked in excess of forty, and thus not at his overtime rate of $16.88 for those hours.

30. Defendants paid Plaintiff in cash on a weekly basis.

31. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or an accurate listing of his hours worked to be paid at the overtime or straight-time rate of pay.

32. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

33. Defendants treated Plaintiff and all FLSA Plaintiffs in the same manner described herein.

34. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

35. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

36. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

38. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

39. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

40. Defendants willfully violated the FLSA.

41. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

43. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

45. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

46. As also described above, Plaintiff, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

47. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

49. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

51. As described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with accurate wage statements containing the criteria required under the NYLL.

52. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $100 for each workweek after the violations occurred, up to a statutory cap of $2,500.

53. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $250 for each workday after the violations occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

54. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

56. As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

57. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

58. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   June 14, 2018

            Respectfully submitted,
            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            655 Third Avenue, Suite 1821
            New York, New York 10017
            Tel. (212) 679-5000
            Fax. (212) 679-5005

By: _____
    JEFFREY R. MAGUIRE (JM 1982)
    ALEXANDER T. COLEMAN (AC 1717)
    MICHAEL J. BORRELLI (MB 8533)