UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ametepe et al,

                    Plaintiffs,

-against-

Peak Time Parking, Corp. et al,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/2019

1:18-cv-05384 (PAE) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiffs' motion, pursuant to Rules 15(a)(2) and 21 of the Federal Rules of Civil Procedure, to amend the Complaint to add AD Parking, Inc. ("AD Parking") as a defendant. (ECF No. 41.) For the reasons set forth below, Plaintiffs' motion is GRANTED.

## BACKGROUND

On June 14, 2018, Plaintiff James Ametepe ("Ametepe") filed his Complaint against Defendants Peak Time Parking, Corp. ("Peak Time"), FIH Enterprise Inc. and Sam Dar Enterprises Inc. ("Sam Dar"), as well as individuals Zafar Majeed, Fayyaz Khan, Naveed Anjum, and Mustafa Ali Khandwalla (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act and the New York Labor Law. (Compl., ECF No. 7, ¶ 1.) It is alleged that the defendant corporations "operate along with an undetermined, but significant number, of other corporations as a single entity in the business of operating parking garages in the City of New York" and that Ametepe was employed as a parking attendant at these garages with the individual defendants as his "direct supervisors." (*Id*. ¶ 2.)

On September 12, 2018, Emmanual Boadi ("Boadi") filed a consent to join this case as a plaintiff. (Consent, ECF No. 19.) On October 4, 2018, District Judge Engelmayer referred this case to this Court for general pre-trial purposes. (Order of Reference, ECF No. 25.)

On January 8, 2019, the Court entered a Case Management Plan providing that the last date to amend the Complaint was June 8, 2019. (Case Management Plan, ECF No. 30, ¶ 7(b).) On June 6, 2019, as part of a joint status letter to the Court, Plaintiffs advised the Court that they would seek to amend the Complaint to add AD Parking, Inc. as a defendant. (Status Report, ECF No. 35.) Also on June 6, 2019, the Court entered an Order requiring that Plaintiffs file their motion to amend no later than June 18, 2019. (6/6/19 Memo Endorsement, ECF No. 36.)

On June 18, 2019, Plaintiffs timely filed their motion to amend to add AD Parking as a defendant. (Mot. to Amend, ECF No. 41.) The bases for adding AD Parking as a defendant, among others, are that Defendants produced a document on May 20, 2019, stating that opt-in Plaintiff Boadi was employed by AD Parking (as opposed to the named corporate defendants) and that individual defendant Majeed was the Chief Executive Officer of AD Parking. (Pl. Mem., ECF No. 42, at 2-3.) In other words, Plaintiffs are asserting that AD Parking is another one of the defendant corporations that is acting "as a single entity in the business of operating parking garages in the City of New York." (*See* proposed Amended Complaint, ECF No. 43-1, ¶ 2.)

On July 2, 2019, Defendants filed their opposition to the motion. (Def. Mem., ECF No. 45.) Plaintiffs filed their reply on July 9, 2019. (Reply, ECF No. 46.)

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 15(a) provides that a court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that

2

"[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks and citation omitted).

> The decision to grant or deny leave to amend is within the trial court's discretion. . . . The court may deny leave to amend for "good reason," which involves an analysis of the factors articulated in *Foman* [*v. Davis*, 371 U.S. 178 (1962)]: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. . . . "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." . . . While the party seeking to amend its pleading must explain any delay, the party opposing the amendment "bears the burden of showing prejudice, bad faith, and futility of the amendment." . . .

Williams v. Epic Sec. Corp., 358 F. Supp. 3d 284, 293–94, 2019 WL 858678 (S.D.N.Y. 2019)

Federal Rule of Civil Procedure 21 allows the Court to add a party at any time. Fed. R. Civ. P. 21. "The grant or denial of a motion to bring in or to drop a party lies in the discretion of the judge." Wright & Miller, 7 *Fed. Prac. & Proc. Civ*. § 1688 (3d ed.).

## APPLICATION

The Court finds that Plaintiffs' motion should be granted under the standards of Rules 15 and 21. The grounds asserted by Defendants for denial of the motion are lacking in merit.

<u>First</u>, Defendants contend that Plaintiffs have unduly delayed in making their motion to amend since it was filed after the June 8, 2019 deadline set forth in the Case Management Plan. (*See* Def. Mem. at 4-5.) This contention is meritless since on June 6, 2019, before the deadline passed, the Court imposed a new, later deadline of June 18, 2019 for filing the motion to amend. (6/16/19 Memo Endorsement.) Plaintiffs timely filed their motion to amend on June 18, 2019.

<u>Second</u>, Defendants argue that the proposed amendment would be futile based upon facts outside of the pleading relating to opt-in Plaintiff Boadi. (Def. Mem. at 6-10.) However, the

proposed Amended Complaint is not limited by the peculiar facts relating to Boadi.[1] The proposed Amended Complaint alleges that the proposed additional defendant, AD Parking, was one of the corporations acting as a "single entity" in operating parking garages. (See proposed Amended Complaint ¶ 2.) Moreover, Plaintiffs have provided to the Court documentary evidence to support this allegation. (*See*, *e.g.*, Maguire Decl., Exs. C, D & F, ECF Nos. 43-3, 43-4 & 43-6.) Thus, the Court finds that the proposed amendment is not futile.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to amend is GRANTED. Plaintiffs shall file their Amended Complaint within seven (7) days of the date of this Order and shall serve AD Parking promptly thereafter. All fact discovery shall be completed no later than September 30, 2019. The parties shall submit a joint letter on the status of discovery on August 30, 2019.

**SO ORDERED.**

DATED:   New York, New York
         July 10, 2019

_____
STEWART D. AARON
United States Magistrate Judge

---

[1] Even if the motion to amend were limited to Boadi, which it is not, it is not appropriate for the Court to address issues of fact outside the pleadings on a motion to amend (for example, the length of his employment or whether he had a work authorization). (See Def. Mem. at 6; Majeed Decl., ECF No. 45-1.) These are factual issues to be resolved during the course of the litigation. (*See* Reply at 6-7.)