# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

May 14, 2021

<u>Via ECF</u>
The Honorable Paul A. Engelmayer
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *Ametepe et al. v. Peak Time Parking, Corp. et al.*
     <u>Docket No: 18-cv-5384 (PAE)(SDA)</u>

Dear Judge Engelmayer:

  This firm represents the named-Plaintiff, James Ametepe, and the two opt-in Plaintiffs, Pedro Sabala and Emmanuel Boadi (all three, together, as "Plaintiffs"), in the above-referenced wage and hour matter against Defendants Peak Time Parking, Corp., FIH Enterprise Inc., Sam Dar Enterprises Inc., AD Parking Inc., Zafar Majeed, Fayyaz Khan, Naveed Anjum, and Mustafa Ali Khandwalla (collectively as "Defendants"). We write to respectfully request that the Court strike from the docket Defendants' filing from earlier today, May 14, 2021, ECF No. 109, of an offer of judgment under Federal Rule of Civil Procedure 68 ("Rule 68") that they failed to serve on Plaintiffs and that Plaintiffs never accepted. Indeed, Defendants' filing of this document is impermissible under the terms of Rule 68 and case law interpreting it.

  Rule 68(a) provides that "a party defending a claim may serve on an opposing party an offer to allow judgment on specified terms," and further, expressly provides, that only upon <u>acceptance</u> of the offer, "either party may then file the offer and notice of acceptance, plus proof of service." But the "filing requirement is inapplicable to a Rule 68 offer of judgment unless the offer is accepted." *Michael Grecco Prods., Inc. v. Jukely, Inc.*, 2019 WL 1284256, at *2 (E.D.N.Y. Mar. 20, 2019) (citation omitted). Moreover, as Judge Mauskopf noted in that same case, if the court were to construe Federal Rule of Civil Procedure 5 ("Rule 5"), which is a general provision creating a blanket rule for all papers which must be served, "as mandating that even unaccepted

offers of judgment be filed, Rule 5 would supplant Rule 68(a), rendering it 'superfluous, void or insignificant.'" *Id*. (quoting *APWU v. Potter*, 343 F.3d 619, 626 (2d Cir. 2003)).  Accordingly, it is "well established that if an unaccepted offer of judgment is filed with the Court in disregard of the dictates of Rule 68(a), it should be stricken from the docket." *Id.* (collecting treatises) (recognizing that striking the notice of an unaccepted offer from the docket "is endorsed by leading treatises").  Indeed, "[t]his approach has been uniformly followed by the very few courts to have addressed the issue." *Id*. (collecting cases); *see also Hobson v. Manage Transit Corp., et al*., No. 19-cv-02695 (RJD)(LB), Unnumbered Text Order (E.D.N.Y. Mar. 11, 2020) (striking defendants' letter regarding an unaccepted Rule 68 offer from the docket).

Based on the foregoing, and refraining from speculating on Defendants' motivation in filing this offer without either serving it or Plaintiffs accepting it in the first place, Plaintiffs respectfully request that the Court strike ECF No. 109 from the docket.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____
Danielle E. Mietus, Esq.
*For the Firm*

C:      Defendants (via ECF)

Granted.  The Clerk of Court is respectfully directed to strike the document filed at docket 109.  The Court encourages counsel to continue, with dispatch, to discuss a resolution to this case,

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

May 17, 2021