UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES AMETEPE ET AL,

          Plaintiffs,

      -v-

PEAK TIME PARKING CORP. ET AL,

          Defendants.

---

18 Civ. 5384 (PAE) (SDA)

ORDER

PAUL A. ENGELMAYER, District Judge:

Defendants have filed four motions *in limine* asking the Court: to (1) preclude plaintiffs from offering any evidence as to damages; (2) find that the *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) burden-shifting framework does not apply to plaintiff's claims; (3) find that plaintiffs do not qualify for individual Fair Labor Standards Act ("FLSA") coverage; and (4) take judicial notice of the complaint in *Sabala v. Reyer Parking*, 17 Civ. 435 (PFF) ("Reyer Action"). *See* Dkts. 115, 123–24 ("Mot."). This order resolves these motions in advance of the final pretrial conference, scheduled for October 22, 2021.

***Defendants' second and third motions***: Plaintiffs do not oppose defendants' second and third motions because they have decided to voluntarily dismiss their FLSA claims. *See* Dkt. 121 ("Opp'n"). The Court grants this dismissal and therefore denies these two motions *in limine* as moot. In light of this dismissal, the Court briefly addresses its decision to exercise supplemental jurisdiction over the remaining claims in the case, which all arise under the New York Labor Law ("NYLL"), and why these two motions have no bearing on plaintiffs' NYLL claims.

Defendants' second motion asks the Court to hold inapplicable the *Mount Clemens* burden-shifting framework used under the FLSA, based on plaintiffs' purported failure to proffer

1

evidence of damages based on their own recollections of overtime worked.  Defendants' third

motion asks the Court to find that plaintiffs do not qualify for individual coverage under FLSA,

based on defendants' view of limits the commerce clause imposes on the FLSA's reach.

However, in their opposition to defendants' motions *in limine*, plaintiffs have announced their

intention to withdraw their FLSA claims.  *See* Opp'n at 1 n.1 ("Plaintiffs intend to pursue only

their NYLL claims at trial because the NYLL provides all the relief that the FLSA provides and

requiring Plaintiff to put on proof of additional FLSA elements, some of which have different

standards than the NYLL, is wasteful and could [prove] unduly confusing to the jury.").

In light of the advanced stage of the litigation, the Court will retain supplemental

jurisdiction over the remaining NYLL claims.  The exercise of supplemental jurisdiction is

appropriate and generally advisable where the case has proceeded before a federal court past

summary judgment and is trial ready.  Such is the case here.  The Court is familiar with the case,

and ready to try it, whereas declining supplemental jurisdiction, forcing plaintiffs to pursue the

NYLL claims in state court, would inevitably cause delay and inconvenience.  *See Catzin v.*

*Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018) (supplemental jurisdictional over

remaining NYLL claims appropriate where case had been litigated for two years and was

approaching trial).

With only the NYLL claims remaining, the second and third motions *in limine* are moot.

Defendants' third motion turns on defendants' view of the reach of the commerce clause, which

has no bearing on plaintiffs' state law claims.  And as to the second motion, the NYLL has its

own distinct burden of proof on employers who have not retained wage records.  *See Gamero v.*

*Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017), *aff'd,* 752 F. App'x 33 (2d Cir.

2018); *Canelas v. World Pizza, Inc.*, No. 14 Civ. 7748, 2017 WL 1233998, at *9 (S.D.N.Y.

March 31, 2017).  Such an employer "'must demonstrate that it in fact paid its employees 'wages, benefits, and supplements.'" *Gamero*, 272 F. Supp. at 498 (quoting NYLL § 196–a(a)).

***Defendants' first motion***:  The Court denies defendants' first motion, and will permit plaintiffs to offer evidence, *i.e.* their testimony, regarding damages calculations at trial. Defendants ask the Court to preclude plaintiffs from offering any evidence as to their damages. They argue that plaintiffs' damages submissions, submitted under Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iii), are incomplete and deficient because they state only the total amount of damages owed to each plaintiff for unpaid wages, without providing substantiating documentation or the methodology behind the calculation of damages claimed.  Defendants contend that the "computation" of damages required by Rule 26(a)(1)(C) requires a plaintiff's disclosures to be more specific.  In particular, defendants argue, where a claim is made for unpaid wages, the plaintiff should allege the unpaid hours and the pay rate.

Plaintiffs respond that their initial disclosure of their total claimed damages from unpaid overtime was sufficient, and alternatively, that any failure to supplement their Rule 26(a) disclosure beyond that disclosure is harmless.  They note that defendants have known plaintiffs' theory of liability and damages for several years; that the parties conducted extensive discovery and motion practice into these issues; that defendants were at liberty to (and did) pursue with plaintiffs in their depositions the hours and wage rate calculations underlying their overtime claims; and that they provided revised damages calculations before a January 9, 2020 settlement conference.  Plaintiffs further argue that because under New York law it is defendants' burden, not theirs, to maintain accurate records as to employee hours of work under New York law, defendants cannot fault plaintiffs for not adducing documentary proof of the unpaid overtime hours; plaintiffs may instead rely on their own testimony as to their hours.

3

The Court will permit plaintiffs to present evidence relating to their damages calculations at trial. However, in the interest of assuring that plaintiffs' claims are not a moving target, the Court will require each plaintiff to set out in a pretrial declaration writing not only the total of his claimed damages, but also the calculations underlying these claimed damages, *i.e.*, the hours worked, the rate of pay, and the pay received. These declarations, which the Court expects will be consistent with each plaintiff's deposition testimony, are due **October 20, 2021**.

In deciding so, the Court is guided by *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006), which sets forth the standard for receipt of evidence in support of late-offered Rule 26 disclosures. The Court considers: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence; and (4) the possibility of a continuance. *Patterson*, 440 F.3d at 117.

Applying the *Patterson* factors here, the Court finds the following. The first factor favors defendants, but to a limited degree. Plaintiffs' Rule 26 disclosures were not wholly deficient, but were too sparse, in that these disclosures recited no more than each plaintiff's bottom-line damages claim. Plaintiffs have not come forward with any coherent explanation for their failure to make more specific damages disclosures than these bottom-line figures. That said, plaintiffs' depositions gave defendants a ready means to rectify this deficiency. And plaintiffs have now helpfully offered to set out more specifically their claimed damages—an offer on which the Court will take plaintiffs up. The second factor favors plaintiffs. Defendants would bar plaintiffs from testifying as to their claimed damages at this jury trial. Such evidence, however, is vital in a NYLL case, such that defendants' motion would effectively eviscerate plaintiffs' case. The third factor, which is weighty, also favors plaintiffs. Their failure to specify earlier

4

the math underlying their bottom-line damages calculations will not prejudice the defendants.

As noted, plaintiffs have provided defendants with their bottom-line damages figures; there is no

suggestion that plaintiffs are in possession of and withholding documentary evidence bearing on

their damages calculations; defendants had a full opportunity in depositions to develop from each

plaintiff the math underlying the damages demand (*e.g.*, the number of overtime hours and the

wage rate). And the remedy the Court is adopting, of requiring plaintiffs to commit in

declarations to the bases for their damages calculations, will further reduce any possible

prejudice. As to the fourth *Patterson* factor, it too favors denying defendants' preclusion bid.

Ordering plaintiffs to supplement their calculations in the coming week, as the Court now orders,

will not cause delay of this trial, which (subject to trials assigned higher priority by this District)

is provisionally scheduled to begin on November 8, 2021.

The Court accordingly denies defendants' motion *in limine* to preclude plaintiffs from

presenting evidence relating to the calculation of damages. However, as set out above, the Court

orders plaintiffs to file declarations specifying their damages by October 20, 2021.

***Defendants' fourth motion***:  Defendants' fourth motion asks the Court to take judicial

notice of plaintiff Sabala's complaint in the *Reyer* Action. In that Complaint, filed January 20,

2017, Sabala alleged that he worked 12 hours a day, 7 hours a week, as a parking attendant at the

same garage he claims to have worked at in this case, during the same time period that he claims

to have worked for the defendants in this case. However, in the *Reyer* Complaint, Sabala alleged

that the garage was managed by the Reyer Parking Corporation—not the defendants in this case.

Defendants propose to offer the *Reyer* Complaint to impeach Sabala, on the theory that he could

not have been working such hours for two employers at the same time, the implication being that

his claims in this case are fabricated. Plaintiffs counter that the *Reyer* action is irrelevant under

Federal Rules of Evidence 401 and 402, and that even if such evidence were relevant, the probative value of the Complaint in the *Reyer* Action is substantially outweighed by countervailing factors under Rule 403, including unfair prejudice, confusing the issues, and misleading the jury.

The Court holds with plaintiffs and denies defendants' motion. The undisputed record makes clear that Sabala never claimed to have simultaneously worked different jobs at two distinct parking-garage employers (Reyer and the defendant here, Peak Time Parking). Rather, the record shows, Sabala made the same claims in *Reyer* that he does here—but voluntarily dismissed his claim against the *Reyer* defendants after initial discovery revealed that the entity he sued was not his employer. He then filed this action, making the same factual claims about having been denied overtime pay for his parking-attendant work, at the same garage location, while now naming the present defendants as his employers.

In light of that history, introducing the *Reyer* Complaint—or permitting defendants otherwise to elicit the fact that Sabala originally sued the Reyer defendants—would be highly improper under Federal Rules of Evidence 401, 402, and 403. The *Reyer* Complaint lacks any probative value, including as a tool of impeachment. It does not, in any way, impeach Sabala's claim to have worked for the present defendants at the times at issue. And even if there were some trifling probative value to the *Reyer* Complaint, it would be overwhelmed by the capacity of that Complaint to unfairly prejudice Sabala. That is because defendants' purpose in offering the Complaint is blatantly improper. It is to mislead the jury to believe that Sabala claimed to have worked separate 12-hour shifts for two different employers on the same days, thereby impeaching his claims here. But that inference turns on egregiously contorting the facts, because, as defendants well know, Sabala has never so claimed. His successive lawsuits instead

6

reflect the prosaic—and utterly non-impeaching—fact that the entity whom he initially sued turned out not to be his formal employer.  The Court therefore denies defendants' motion *in limine* to take judicial notice of the *Reyer* Complaint, because the prejudicially misleading capacity of that Complaint requires its exclusion under Rule 403.  The Court further bars defendants from in any way referencing the *Reyer* action before the jury without explicit pre-approval from the Court.

**CONCLUSION**

For the reasons stated, above, the Court denies defendants' first and fourth motions *in limine* on the merits, and denies defendants' second and third motions *in limine* as moot in light of plaintiffs' withdrawal of their FLSA claims, which are dismissed.  Finally, by **October 20, 2021**, plaintiffs are required to file declarations supplementing their Rule 26 disclosures as to damages, as described herein

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 13, 2021
New York, New York